D. T. ROBINSON v. F. M. McWHIRTER.

1. LIEN FOR PURCHASE-MONEY.—A lien secured by deed of trust for the payment of a purchase-money note, given in discharge of another purchase-money note due a remote vendor, which was itself a lien on the land, is superior to the implied equitable lien in favor of another purchase-money note not thus secured, but which was executed at the same time for another portion of the purchase-money.

2. LIENS, COMPARATIVE DIGNITY OF.—A lien will not be enforced which equity infers from the silence of the parties, and their failure to make any stipulation for the security of part of the purchase-money,

if its enforcement would operate to alter or lessen the security which has been stipulated for in reference to another portion of the purchase-money.

3. PARTIES.—See statement of case for facts under which the wife was not a necessary party.

APPEAL from Delta.    Tried below before the Hon. Green J. Clark.

Suit brought by F. M. McWhirter against R. B. and Mary Bennett and D. T. Robinson, the appellant, on a note executed by R. B. and Mary Bennett to McWhirter's wife, on April 11, 1877, for $150, alleged to have been executed by them for part of the purchase-money of land described in the petition.    The petition alleged that Robinson was in possession of the land, claiming it, and asked judgment for the note and sale of the land.

After various pleas Robinson filed his fourth amended answer, in which he alleged, in substance, that on December 1, A. D. 1875, one T. P. Callicott and wife sold to McWhirter the land on which the lien was claimed for $500, for which McWhirter executed his note with a vendor's lien reserved, and a deed was at his request executed to his wife, Demmares McWhirter; that afterwards McWhirter paid $150 on the note, leaving a balance of $350 due; that McWhirter becoming satisfied he could not pay the note, offered to give up the land for his note, which was declined; that afterwards it was ascertained that R. B. Bennett would purchase the land if satisfactory arrangements could be made with Callicott about the debt due on the note; that Bennett did purchase the land on April 11, 1877, for $500 on a credit, receiving a deed to his wife, Mary Bennett, dated April 11, 1877, and executing his note for $350, due October, 1877, to Mary A. Callicott; that at the same time a deed of trust to secure the payment of this note was given on the land, in which George W. Jones was made trustee; that at the same time the note sued on was given; that McWhirter transferred to Callicott, Bennett's note for $350, and deed of trust in substitution for his own note;

that the exchange of notes was made, whereby Callicott obtained a note secured by deed of trust in lieu of the note first made to him with his vendor's lien; that afterwards Callicott transferred and indorsed the Bennett note for $350, with its liens and securities, to defendant Robinson, whereby he claimed that he became subrogated to his rights; that after Bennett had made default in payment, and the property was advertised for sale by the trustee, it became evident that the land would not bring the debt, and defendant Robinson, at the solicitation of McWhirter, who represented that Bennett and wife were insolvent, accepted a deed from Bennett and wife to the land in payment of the note, in full satisfaction of the same, instead of selling it at trust sale.

Robinson pleaded this action of McWhirter as an estoppel against his assertion of rights as against Robinson's title, and prayed that if it should be adjudged that McWhirter had a lien on the land for the note, and was entitled to have it sold, that his lien be adjudged subordinate to his own, and that from the proceeds of sale the lien of defendant Robinson be first discharged.

The court sustained a demurrer to this amended answer.

A jury being waived, the judgment, after reciting the death of Mrs. Bennett and that she was not a necessary party, and determining in favor of the plaintiff for the amount of the note, declares the existence of a vendor's lien on the land to secure its payment, and orders a sale of the land and the payment to defendant Robinson of whatever amount shall be left from the proceeds of the sale after satisfying the judgment. From this judgment Robinson appealed, and assigned errors apparent from the opinion.

*Perkins & Perkins*, for appellant.

*Hunter & Putman*, for appellee.

I. The court did not err in sustaining appellee's demurrer to appellant's fourth amended answer.

Appellant had no prior lien on the land, nor any lien, at the institution of this suit.

Appellant, after acquiring from Callicott the note on R. S. and Mary Bennett for $350, secured by deed of trust, purchased and took a deed of conveyance for the incumbered land from said Bennetts in satisfaction of his said note and lien.

II. To constitute an equitable estoppel, ignorance of the true state of the title on the part of the purchaser must concur with willful misrepresentation or concealment on the part of the person estopped.

Appellant's fourth amended answer does not show any acts or declarations of appellee which could constitute an estoppel, but shows that the statements alleged to have been made by appellee were true, and so known to be by appellant.

III. The court did not err in refusing to order *scire facias* to make the heirs of Mary Bennett parties to this suit.

Mary Bennett was not a necessary party to the suit.

The note sued on was a community debt against R. S. and Mary Bennett. The land in controversy was held by them as community property until they conveyed to appellant.

Mary Bennett having in her life-time conveyed all her interest in the land to appellant, her heirs could have no interest in the same.

IV. The admission of evidence which was immaterial and could not prejudice appellant, would not authorize a reversal of the judgment.

MOORE, CHIEF JUSTICE.—Though it be conceded that, on the principles and rules of equity, McWhirter is entitled to a vendor's lien against his vendee (Bennett) and all others taking and holding the land subject to the incumbrances with which it was chargeable in his hands, (as to which, however, as it has not been questioned or discussed, we need not express a definite opinion,) it must be admitted that the note given by Bennett to Callicott—being also for part of the purchase-money and secured by a deed of trust on the entire land, executed

contemporaneously with the deed from McWhirter to Bennett to discharge a note due from McWhirter to Callicott, which was a lien upon the land when purchased by Bennett—was a superior lien to the implied equitable lien in favor of the note upon which this suit is brought.

To hold otherwise would be to say that equity by implication places all the notes given for the purchase-money of land upon the same footing, notwithstanding the parties may have otherwise stipulated between themselves; or, in other words, to say that a lien will be enforced which equity infers from the silence of the parties, and their failure to make any stipulations for the security of part of the purchase-money of land, will operate to alter or lessen the security which has been stipulated for in reference to another part of it. The bare statement of this proposition is a sufficient answer to it. It is contradictory of the principle out of which the vendor's lien springs.

By the assignment of the note given to Callicott by appellant Robinson, he held the superior lien to that of McWhirter. To hold that because he, by the advice and persuasion of Mc-Whirter, has accepted the land in discharge and satisfaction of his debt, and especially if, as is alleged, it is not worth more than this debt, he took the land subject to the payment of the note to McWhirter, would be grossly unjust, and in effect deprive appellant of the superior lien which he held by the contract securing the Callicott note by a deed of trust upon the entire land. The most favorable view which can be taken of the case for McWhirter is, that if appellant voluntarily, and not at the special instance and solicitation of appellee, took the land in satisfaction of his lien, appellee might have it sold in satisfaction of his vendor's lien, if he have any, but the proceeds of the sale to be first applied to the equitable right of appellant, by reason of his accepting the land in discharge of what was due him on the Callicott note.

Mrs. Bennett was not a necessary party to the suit. The court, therefore, did not err in refusing to order *scire facias* for her representatives.

The questions raised by the other assignments of error will not probably arise on another trial.

For the error of the court in sustaining the exceptions to appellant's fourth amended answer, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.